Filed 2/24/21  P. v. Tellez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ELPIDIO DEJESUS TELLEZ,<br><br>    Defendant and Appellant. | C091737<br><br>(Super. Ct. No. 12F07541) |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Most of the background facts are taken from *People v. Tellez* (Jan. 16, 2019, C077915) [nonpub. opn.] (Slip Opn.).

In November 2012, defendant Elpidio DeJesus Tellez killed a man outside a bar in Sacramento.  "At trial it was undisputed that defendant" fatally shot the man.  "Defendant testified at trial that he acted in self[-]defense."  (Slip Opn., at p. 2.)

A jury found defendant not guilty of first degree murder but guilty of second degree murder with personal and intentional discharge of a firearm causing death, and

1

other crimes.  In November 2014, the trial court sentenced defendant to prison for 15 years to life for the murder.  (Slip Opn., at p. 8.)

In January 2019, we affirmed defendant's murder conviction in his direct appeal from the criminal judgment.  (Slip Opn., at pp. 2, 24.)

In October 2019, defendant filed a Penal Code section 1170.95 petition for resentencing, pursuant to recently enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.).

In a January 2020 hearing, after the prosecutor argued defendant killed the victim and was "not eligible" for relief, the trial court denied the petition.

Defendant appealed.

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*.  Defendant filed a supplemental brief.

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction."  (*People v. Serrano*, *supra*, 211 Cal.App.4th at p. 501.)  We agree with *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278 (*Cole*), that the *Wende*/*Anders* procedures do not apply to an appeal from an order denying a petition filed pursuant to Penal Code section 1170.95.

Accordingly, we will dismiss the appeal.

We disagree with language in *Cole* suggesting that an appellate court "is required to evaluate any arguments" that a defendant makes in a supplemental brief after counsel has filed a *Wende* brief.  (*Cole*, *supra*, 52 Cal.App.5th at p. 1040 [citing *People v. Kelly* (2006) 40 Cal.4th 106, 120, 124 (*Kelly*)].)  We do not read *Kelly* as standing for such a

proposition, as the case dealt solely with standard *Wende* review on direct appeal, and contains no discussion about the propriety of dismissing an appeal where there is no right to *Wende* review.

In any event, that language in *Cole* is dictum. Defendant in that case did not file a supplemental brief (*Cole*, *supra*, 52 Cal.App.5th at p. 1040) so the discussion was not necessary to the decision. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided' "]; *Serrano v. Aerotek, Inc.* (2018) 21 Cal.App.5th 773, 784 [concluding a decision of another District Court of Appeal was "not authority for the proposition" a party cited it for, as that portion of the decision was "undoubtedly dictum," because it was a statement of a principle that was not necessary to the decision].)

DISPOSITION

The appeal is dismissed.


                                            _____

                                            HULL, J.


We concur:



_____

BLEASE, Acting P. J.



_____

MURRAY, J.